# LUÍS RIGUAL

*v.*

# AMERICAN RAILROAD COMPANY.

San Juan, Law, No. 1473.

### WHAT IS A CAUSE OF ACTION.

Pleading—Federal Practice.
1. Federal practice is generally more liberal than the practice of state courts.

Pleading—Results of Negligence.
2. If what is complained of is one act of negligence, all the results must be pleaded in one suit.

Opinion filed April 4, 1921.

*Mr. Perdo Quiñones* for plaintiff.

*Mr. Francis H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

It would seem that the question raised by the demurrer is this. There was a certain accident, the details are not before me, but there was a railroad accident in which a passenger is alleged to have been injured. The complaint alleges in its first cause of action what he suffered in the way of personal suffering itself,—pain and the like. That seems to be the gist of the first cause of action. The second either repeats or

refers to the facts stated in the first cause of action and goes on to give the damage as to his business engagements he had, and being broken up in business for the time being, and so on. That, as I understand it, is the difference between the two causes of action in brief.

Upon the argument it is insisted, in the first place, that the demurrer is defective in that it alleges defects in the complaint conjunctively, that is to say, there is this defect and this defect and this other, and so on. Cases are cited which show that according to the general rules of pleading if several defects are mentioned, several errors are mentioned, and any one of them is not substantiated, the demurrer itself is not good. But that may be true. I do not think it necessary, however, to go into it. Federal courts are hardly as strict as local courts in regard to matters of that kind. I do not refer to the local courts in Porto Rico, but state courts. They tell the story,—I would not like to adopt it as the rule, but it possibly illustrates the point,—of Judge Mayer of New York, where a New York lawyer, a good lawyer, alleged defects in pleadings. Judge Mayer heard him patiently, and then said to him, I think to set up defects of that sort you had better go over to the state court, as we try cases here more like gentlemen. We do not regard technicalities. We want to get at the essence.

Of course, I do not adopt the mode of expression, but the story points to the difference, I think, between Federal courts and state courts. At all events here where we have in force all kinds of law, it seems to me the better practice is,—and I have tried to follow it,—not to insist upon technical points where it can be avoided. I think if I can get at the essence

of this defect, if there is any, I will not go into the point as to whether the defects are stated conjunctively or disjunctively.

2. Taking up the demurrer it raises the question that there was but one accident. That accident under the allegations of the complaint had two sets of results. One was the man suffered greatly, the necessary result of almost any accident. The further result was that he was injured in his business; as the result of the accident he was unable to do certain things. The question is, Can they be stated as two causes of action? The demurrer says that they cannot be so stated. I think that that point is well taken, that is to say, when we have a cause of action, the point in discussion or cause of action means what happened to the plaintiff, not simply the results of what happened to the plaintiff, but what it was that the plaintiff complains of. He complains of certain things. He complains of a fact, and the result from that fact. Now, if there are two results from that one fact, it seems to me it ought to be stated in one cause of action. In other words, the defendant is liable for causing that accident, if he is liable at all. The liability is negligence. What is the result of that negligence ought to be one thing so far as the defendant is concerned. Now, the Code allows several contracts to be joined, for instance. That is because each contract has a separate meaning. So that the nature of the evidence may be more or less alike. It probably in Porto Rico allows several torts to be joined, provided they are of the same nature and are connected in some way. I do not decide that such is the meaning, but it would seem that that may be so under the Code of Civil Procedure. In this particular case there are not two torts at all. There is one tort. The tort was the negligence of the engineer, or

whoever it was, in running into something, or whatever the collision was. That was the one thing. And I think the fact that there are two results from that, or a dozen results, would not constitute two or more different causes of action. The negligence and result have to be pleaded as a part of the same complaint.

My conclusion is that the demurrer is well taken. There is one cause of action in the negligence of the defendant in the management of the train, and whatever the result was should be stated as part of one cause of action. As I understand it, that is all the demurrer raises. Upon hearing the complaint there might be some question as to whether or not the results stated are not consequential damages, but that is not raised by the demurrer, and will not be discussed at all.

The demurrer is sustained and the complaint will be restated as one cause of action.

It is so ordered.